928 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John D. MORRIS, Petitioner-Appellant,
v.
George ALEXANDER, Respondent-Appellee.
 No. 90-3965.
 United States Court of Appeals, Sixth Circuit.
 March 19, 1991.
 S.D.Ohio
 
 1
 AFFIRMED.
 
 
 2
 Before KRUPANSKY and BOGGS, Circuit Judges, and WOODS, District Judge.*
 
 
 3
 John D. Morris, a pro se Ohio prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 4
 A jury convicted Morris in October 1988 of two counts of theft and two counts of possessing criminal tools. These charges were from two separate indictments, with the cases consolidated for trial. Morris was sentenced to 2 years for the first theft count and 18 months for the first criminal tools count, and to 3-5 years for each of the other two counts. The sentences were to run consecutively.
 
 
 5
 Morris appealed his sentence to the Ohio Tenth District Court of Appeals on the grounds of ineffective assistance of counsel and denial of the right to counsel. The Court of Appeals affirmed his convictions in an opinion filed on May 19, 1988. The Ohio Supreme Court denied leave to appeal on September 21, 1988, finding that the issues raised presented no substantial constitutional question.
 
 
 6
 In his federal habeas petition, Morris presented four grounds for relief: (1) ineffective assistance of counsel, based on counsel's active representation of conflicting interests; (2) ineffective assistance of counsel, based on counsel's refusal to present evidence on behalf of appellant because he believed such evidence to be perjured; (3) unconstitutional selection or impanelling of the grand or petit jury; and (4) double jeopardy. Morris subsequently obtained the representation of counsel and moved to file an amended petition; this motion was granted by the district court. In his amended petition, Morris requested dismissal of his third and fourth grounds for relief, and the addition of a new ground: denial of the right to counsel, based on irreconcilable conflict between Morris and his appointed trial counsel and the trial court's refusal to grant Morris's request to appoint new counsel.
 
 
 7
 The district court granted Morris's request to dismiss the third and fourth grounds presented in his original petition, and dismissed the amended petition in an opinion and order filed on September 27, 1990. The court found that Morris had failed to support his first claim with any factual allegations that would tend to demonstrate that counsel was actively engaged in the representation of a conflicting interest, and that, given the facts of this case, counsel's action in refusing to call the requested alibi witnesses was neither deficient nor prejudicial. Finally, the court determined that Morris's right to counsel argument involved two distinct constitutional questions: whether the allegedly irreconcilable differences denied Morris the effective assistance of counsel, and whether the trial court's denial of Morris's request for new counsel violated his right to counsel of choice. The court decided both issues adversely to Morris.
 
 
 8
 On appeal, Morris abandons his first two grounds of ineffective assistance of counsel, but continues to argue the merits of his claim that he was denied the right to counsel of his choice.
 
 
 9
 We affirm the district court's order because the record shows that Morris's trial was fundamentally fair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 10
 The ineffective assistance of counsel claims based upon counsel's alleged active representation of conflicting interests and upon counsel's refusal to present evidence believed to be perjured have been abandoned by Morris on appeal, and so they are not reviewable by this court. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 11
 Morris's argument that he was denied his sixth amendment right to counsel of his choice is meritless because Morris is not guaranteed a "meaningful relationship" with his appointed counsel and because the record shows that the trial court did not abuse its discretion in denying Morris's motion for a continuance and substitution of counsel. See Morris v. Slappy, 461 U.S. 1, 13-14 (1983); Wilson v. Mintzes, 761 F.2d 275, 281 (6th Cir.1985).
 
 
 12
 Accordingly, the district court's order dismissing Morris's petition for a writ of habeas corpus is hereby affirmed for the reasons stated by the district court in its opinion and order filed on September 27, 1990. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan, sitting by designation